**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| W. H. SPARKMAN, IV, 1376504,       Plaintiff, | ) ) ) | |
| v. | ) ) | 3:06-CV-1919-D ECF |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al.,       Defendants. | ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

    Parties:  Plaintiff is presently confined at the Dawson State Jail of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dallas, Texas. Defendants are TDCJ, Corrections Corporation of America (CCA), and inmate Crowley. The Court has not issued process in this case pending preliminary screening.

    Statement of Case:  Plaintiff's complaint seeks to sue TDCJ and CCA for failing to provide a safe living environment at the Dawson State Jail. He alleges that on October 13, 2006, inmate Crowley physically assaulted Plaintiff, while the officers in the control center ignored the

situation. The next day Plaintiff was denied the opportunity to visit with his wife in an attempt to hide his bruises and cut lip with stitches. He requests compensatory and punitive damages. (Complaint at 3-4).

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).[1]

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Before reaching the merits of the claims alleged in the complaint, the Court must determine whether Plaintiff has exhausted his administrative remedies. Administrative

---

[1] 42 U.S.C. § 1997e(c)(1) also provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

exhaustion under 42 U.S.C. § 1997e(a) is mandatory and is required for any suit challenging prison conditions. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Id.* at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

TDCJ currently provides a two-step procedure for presenting administrative grievances. *Wendell*, 162 F.3d at 891; *see also Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The Dawson State Jail, which is part of TDCJ, follows the same two-step procedure.[2]

---

[2] In *Wendell*, the Fifth Circuit described the two-step procedure as follows: Step 1 requires the prisoner to submit an administrative grievance at the institutional level. After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for step 1 of the process, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Step 2 permits the prisoner to submit an appeal to the division grievance investigation with the Institutional Division of the Texas Department of Criminal Justice. After an investigation, the department grievance investigator prepare a report and makes a recommendation to the final decision maker for step 2 of the process, which is the

3

Plaintiff concedes that he did not exhaust his administrative remedies before filing this suit. (*See* Complaint at 3 ¶ III). As a result, his claims remain unexhausted and the complaint should be dismissed without prejudice.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED without prejudice for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 6th of December, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

director, deputy director, regional director or assistant director.
 The grievance procedures takes approximately 90 days to exhaust. Prisoners are allowed 15 calendar days to file a step 1 grievance. The response to the step 1 grievance is due within forty days after receipt of the grievance. The prisoner ten has 10 days to submit an appeal. The response to the step 2 grievance is due within forty days after receipt of the prisoner's appeal.
*Wendell*, 162 F.3d at 891 (citations omitted).